IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

(CHIEF) COL. MICHAEL S. OWL FEATHER-GORBEY,

    Plaintiff,

v.                                                CIVIL ACTION NO. 5:21-cv-00354

VEST, et al.,

    Defendants.

**DISMISSAL ORDER**

Pending before the Court is Plaintiff Michael Feather-Gorbey's ("Plaintiff") Application to Proceed without Prepayment of Fees and Costs, (ECF No. 1), and Complaint, (ECF No. 2). For the reasons that follow, Plaintiff's Application to Proceed without Prepayment of Fees and Costs, (ECF No. 1), is **DENIED**, and Plaintiff's Complaint is therefore **DISMISSED WITHOUT PREJUDICE**.

I.    BACKGROUND

On June 22, 2021, Plaintiff filed the instant complaint and his application to proceed *in forma pauperis* in this matter claiming entitlement to relief pursuant to *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff is an inmate at FCI Beckley. (ECF No. 2.) Plaintiff names as defendants "Vest, P.A. FCI Beckley Medical," "Edwards, Dr. FCI Beckley Medical," "Fain, HAS FCI Beckley Medical," "Williams, Reck Officer FCI Beckley," and "Co. Raban, Reck." (*Id.* at 1.) He additionally names "John or Jane

Doe, Administrative Remedy Coordinator" and "John or Jane Doe, Administrative Remedy Clerk." (*Id.* at 3.)

Plaintiff alleges that the above defendants have threatened "physical assault & [*sic*] intimidation" with the intent to have Plaintiff "forgo [*sic*] [his] pending lawsuits & [*sic*] complaints." (*Id.* at 5.) Plaintiff further alleges that the named defendants are "abusing powers of office" by denying Plaintiff "medical treatments & [*sic*] other rights." (*Id.*) In particular, Plaintiff alleges that Defendant Vest "stalk[ed]" Plaintiff while he was engaged in rehabilitative exercises "to build up his torn muscles" and "chronic injury places." (*Id.* at 7–8.) Plaintiff alleges that Vest was taking pictures of him to "manipulate" Plaintiff's medical files. (*Id.*) Plaintiff further alleges that on June 2, 2021 both Vest and Williams "began taunting [Plaintiff] about how well their pictures were going to void [Plaintiff's] suits & [*sic*] complaints that he needs braces[.]" (*Id.*) Plaintiff alleges that Vest and Williams additionally threatened him with "physical assault" if he did not forego his pending lawsuits, which Plaintiff alleges places him in "imminent danger." (*Id.* at 9.) Plaintiff additionally alleges that "staff" are preventing him from "administrative remedies," (*id.* at 9–10), and that he has never received a physical examination. (*Id.* at 11.) Finally, Plaintiff alleges that a "C. Brown," an individual not named in this lawsuit, subjects Plaintiff to "pat search[es]" at lunch and makes "lewd comments." (*Id.* at 13.)

## II.   LEGAL STANDARD

This Complaint is subject to the filing fee provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(b) and (g). *See, e.g.*, *In re Kissi*, 652 F.3d 39, 41 (D.D.C. 2011). The PLRA provides that prisoners who repeatedly file meritless lawsuits lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil action under this section [relating to proceedings in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also, Ashley v. E. Dilworth*, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denies the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes")."). Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied in forma pauperis status. He must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 F.3d 1234, 1237 (11th Cir. 2002); *see also Finley v. Doe*, No. 5:07-cv-00807, 2008 WL 2645472 (S.D. W. Va. June 30, 2008).

### III. DISCUSSION

There is no doubt that Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failing to state a claim. *See Feather Gorbey v. Dunbar*, 787 Fed.Appx. 824, 825 (4th Cir. 2019) ("It is undisputed that Gorbey has had, on at least three occasions, an action or appeal dismissed on the grounds that it was frivolous, malicious, or failed to state a claim."); *Feather-Gorbey v. Assistant Warden Crickard, et al.*, 2021 WL 1811563, * 3 (D.S.C. May 6, 2021) ("Gorbey is a prolific filer who is subject to the three strikes provision set forth in 28 U.S.C. § 1915(g)."); *Gorbey v. Geisinger Eye Center*, 2021 WL 1792086, * 2 (M.D. Pa. May 5, 2021) ("There is no question that Gorbey has had more than three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim."); *Gorbey v. The Federal Bureau of*

3

*Alcohol, et al.*, Civil Action No. 5:11-cv-126 (N.D.W.Va. March 14, 2012) (finding that Mr. Gorbey had filed eleven cases that have been dismissed as frivolous or for failing to state a claim); *Gorbey v. District of Columbia, et al.*, Civil Action No. 2:09-cv-151 (S.D. Ind. 2009) (finding that Mr. Gorbey is barred from proceeding in forma pauperis due to his three strike status under Section 1915(g)); *Gorbey v. Mubarek*, 2019 WL 5593284, * 1 (D. Md. Oct. 30, 2019) (listing eleven cases that qualify as a strike). Because Plaintiff is subject to the three-strikes rule, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the instant action.

"[T]he imminent danger 'must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred.'" *Feather-Gorbey*, 787 Fed.Appx. at 825(citing Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)); *see also Meyers v. Commoner of Social Security Admin.*, 801 Fed.Appx. 90, 96 (4th Cir. 2020) (The imminent danger must be a danger that is "close at hand, not a past infraction" and "must have some nexus or relation to those of the underlying complaint.") The plaintiff "must allege 'ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Johnson v. Warner*, 200 Fed.Appx. 270, 272 (4th Cir. 2006). A plaintiff's allegations must show that the "conduct complained of threatens continuing or future injury," not just that plaintiff "deserves a remedy for past misconduct." *Id.*

The Court's review of the allegations made in Plaintiff's Complaint indicate that he should not be granted *in forma pauperis* status because the allegations fail to meet the standard of imminent danger. Plaintiff appears to allege that he is in imminent danger of serious physical injury because he is subjected to harassment, discrimination and verbal threats, denied medical braces, and denied access to the administrative remedy process. Plaintiff's allegations simply do not demonstrate a serious physical injury or a threat of serious physical injury. Plaintiff has previously raised these identical imminent danger claims and has been repeatedly rebuffed by courts, which have found that his allegations do not show imminent danger of serious injury. *See Feather-Gorbey v. King,* et al., 2021 WL 1792096, * 2 (M.D. Pa. May 5, 2021) (finding that Gorbey's allegations that he was assaulted, at risk of further assaults, and denied access to the courts failed to meet the imminent danger standard); *Gorbey v. Geisinger Eye Center, et al.*, 2021 WL 1792086, * 2–3 (M.D. Pa. May 5, 2021) (finding that Gorbey's allegations of being denied proper treatment for his glaucoma, access to the courts, and access to the administrative remedy program failed to meet the imminent danger standard); *Feather-Gorbey v. Swann, et al.*, 2021 WL 1741854, * 2–3 (M.D. Pa. May 3, 2021) (finding that Gorbey failed to demonstrate imminent danger based upon his claims that he was assaulted and threatened by inmates, he was deliberately exposed to COVID, denied proper medication for glaucoma, and suffered injuries after falling from the top bunk); *Feather-Gorbey v. Biden, et al.*, 2021 WL 743297, * 1–2 (M.D. Pa. Feb. 25, 2021) (finding Gorbey's allegations concerning election fraud failed to show an imminent threat of harm); *Feather-Gorbey v. Black, et al.*, 2021 WL 37993, * 2 (M.D. Pa. Jan. 5, 2021) (finding Gorbey failed to show imminent danger of serious physical injury based upon allegations that "staff members placed him in a cell with occupied beds, ignored his requests for assistance and,

ultimately—after placing him in physical restraints—threatened him with a new, abusive cellmate."); *Feather-Gorbey v. Spaulding*, 2020 WL 7323900, * 1–2 (M.D. Pa. Dec. 11, 2020)(finding that no danger of imminent harm where Gorbey's claim of improper medical treatment was speculative and the danger alleged was entirely in the past); *Gorbey v. Spaulding, et al.*, 2020 WL 6787493, * 2 (M.D. Pa. Nov. 17, 2020) (finding Gorbey's allegations concerning improper medical care, denial of a lower bunk pass, and failure to accommodate his right to practice his religion failed to show an imminent threat of harm); *Feather-Gorbey v. Federal Bureau of Prisons*, 2020 WL 6107050, * 2 (M.D. Pa. Oct. 15, 2020) (finding Gorbey failed to show that he was imminent danger of serious physical injury based on his claim that he was denied proper medical treatment for his glaucoma, assigned to a top bunk despite suffering from chronic injuries, being exposed to lead paint and excessive lighting, denied protection from assault, and denied access to the administrative remedy program); *Feather-Gorbey v. Gass, et al.*, 2020 WL 6107049, * 2 (M.D. Pa. Oct. 15, 2020) (concluding that Gorbey failed to show that he was imminent danger of serious physical injury based on his claim that he was assigned to a top bunk, failed to receive proper medical treatment for his glaucoma, and was being denied access to the administrative remedy program); *Owl Feather-Gorbey v. United States, et al.*, 2020 WL 6144568, * 1 (D.D.C. Sep. 29, 2020) (finding that Gorbey's allegations of judicial bias did not qualify as imminent danger of serious physical injury); *Gorbey v. Mubarek*, 2019 WL 5593284, * 5 (D. Md. Oct. 30, 2019) (finding Gorbey's allegation concerning inadequate medical care and prison staff encouraging violence did not create an imminent danger to his safety); *Gorbey v. Dunbar, et al.*, 2019 WL 5339607, * 7 (D. Md. April 24, 2019) (finding Gorbey failed to demonstrate imminent danger of harm based on his alleged need for a lower bunk pass, medical braces/shoes, and

glaucoma treatment), *aff'd*, 787 Fed.Appx. 824 (4th Cir. 2019). Therefore, based on the foregoing, Plaintiff's *in forma pauperis* status is hereby **DENIED**.

Furthermore, it is apparent that Plaintiff is a frequent filer in this district and others. By the Court's own review, Plaintiff has initiated nine other actions in this district alone in the preceding four months. (*See* Civ. Action Nos. 5:21-cv-00091, 5:21-cv-000209, 5:21-cv-000210, 5:21-cv-00270, 5:21-cv-00354, 5:21-cv-00367, 5:21-cv-00373, 5:21-cv-00387, and 5:21-cv-00395.) Based upon these numerous filings and Plaintiff's failure to demonstrate imminent danger of serious physical injury concerning such, the Court hereby warns Plaintiff that continuing to file frivolous, malicious, abusive, or vexatious filings may result in the imposition of a pre-filing injunction. *See Gorbey v. Obama*, 2016 WL 7157989 (W.D. Va. Dec. 6, 2016) (admonishing Gorbey that "[p]risoners do not have an absolute and unconditional right of access to the court in order to prosecute frivolous, malicious, abusive, or vexatious motions or actions;" warning Gorbey "that continuing to file frivolous, malicious, abusive, or vexatious filings may result in the imposition of a pre-filing injunction.").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Application to Proceed without Prepayment of Fees and Costs, (ECF No. 1), is **DENIED**, and Plaintiff's Complaint is therefore **DISMISSED WITHOUT PREJUDICE**. The Clerk is further **DIRECTED** to remove this case from the Court's active docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 12, 2021

_____
THOMAS E. JOHNSTON, CHIEF JUDGE