UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY,

        Plaintiff,

v.                                                            CIVIL ACTION NO. 5:21-cv-00354

VEST, et al.,

        Defendants,

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY,

        Plaintiff,

v.                                                            CIVIL ACTION NO. 5:21-cv-00373

YOUNG, Warden, FCI Beckley,

        Defendants,

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY

        Plaintiff,

v.                                                            CIVIL ACTION NO. 5:21-cv-00395

COUNSELOR MORRIS, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

        Pending are Plaintiff's Omnibus Motion with Jury Demand [5:21-cv-00354, Doc. 6, 5:21-cv-00373, Doc. 6; 5:21-cv-00395, Doc. 5]; Omnibus Objections in Part to Chief Judge

Johnston's Orders in cases 5:21-cv-00354, 373, and 395[1]; Objections to FBOP Inmate Trust Account Statements & Seizure of EIP Relief Funds; and Motion for Immediate or Emergency Hearing. [5:21-cv-00354, Doc. 7; 5:21-cv-00373, Doc. 7; 5:21-cv-00395, Doc. 6]. Also pending is an "Omnibus Motion to Reconsider Order Denying Leave to Proceed & Dismissal, Ignoring or Failing to Answer or Process Notice of Appeal & or Motions to Reconsider & Renewed Motion to Recuse,"[2] [5:21-cv-00354, Doc. 9].

These cases initiated as Complaints pursuant to *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Chief Judge Johnston denied Mr. Feather-Gorbey's Applications to Proceed In Forma Pauperis ("IFP") and dismissed the Complaints without prejudice because he failed to meet the imminent danger standard under the three-strikes provision of 28 U.S.C. § 1915(g). [5:21-cv-00354, Doc. 5; 5:21-cv-00373, Doc. 5; 5:21-cv-00395, Doc. 4]. He filed the instant motions approximately three months after entry of judgment in these cases.

Inasmuch as common questions of law and fact are extant, and pursuant to *Federal Rule of Civil Procedure* 42(a), the Court **DIRECTS** that these actions be **CONSOLIDATED**. The first styled action above is designated as the lead case, and all future filings shall be made therein.

---

[1] The Court must construe pro se filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). The Court construes these "objections" as motions for reconsideration under Rule 60(b) of the *Federal Rules of Civil Procedure.*

[2] Mr. Feather-Gorbey moved for Chief Judge Johnston's recusal from this matter. The cases were reassigned to the undersigned on October 26, 2021. [5:21-cv-00354, Doc. 8; 5:21-cv-00373, Doc. 8; 5:21-cv-00395, Doc. 7]. Thus, the motion to recuse is moot and is hereby **DENIED** without prejudice. **[5:21-cv-00354, Doc. 9].**

I.

Rule 60 of the *Federal Rules of Civil Procedure* "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269 (2010) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). Rule 60(b) provides the court may relieve a party from a final judgment for any of the following:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

F.R.C.P. 60(b). Rule 60(b) does not authorize a motion "merely for reconsideration of a legal issue" or that is "nothing more than a request that the district court change its mind." *United States v. Williams*, 674 F.2d 310, 312-13 (4th Cir. 1982); *see also In re GNC Corp.*, 789 F.3d 505, 511 (4th Cir. 2015) ("Rule 60 does not authorize motions for correction of a mistake of law").

II.

Mr. Feather-Gorbey asserts the Court's dismissal of the above-styled cases was improper, and such dismissal led to a physical assault by the named defendants. In support, he states, "[Denial of relief in these cases] makes a farce & mockery of the whole judicial process & requires removal of any judge whom [sic] believes it's proper." [5:21-cv-00354, Doc. 7; 5:21-cv-00373, Doc. 7; 5:21-cv-00395, Doc. 6]. He further asserts the existence of an "ongoing pattern of

misconducts." [5:21-cv-00354, Doc. 9]. His motions for reconsideration were timely; however, he cannot show an entitlement to relief from judgment. His statements are conclusory, nor is there any evidence in the present record so this Court could even liberally construe a means of providing relief. His motion is a request for the Court to "change its mind" and reconsider the issues previously addressed.

As to his challenges to the seizure of funds from his account to pay filing fees for cases 5:21-cv-0091, 209, and 210, the Court cannot address them here. Insofar as he may assert those challenges in the instant actions for the filing fees assessed therein, the Court denies them. A prisoner denied IFP status must pay the full amount of the filing fee for each civil action he files, and any debits from the prisoner's account for the same may not exceed twenty percent of either the average monthly deposits to the prisoner's account or the average monthly balance of the prisoner's account for the preceding six months. 28 U.S.C. § 1915(b)(1) ("The court *shall* assess and, *when funds exist, collect* . . . an initial partial filing fee." (emphasis added)). The remainder of the filing fee shall be paid from the prisoner's account when the account balance exceeds ten dollars. 28 U.S.C. § 1915(b)(2) ("After payment of the initial partial filing fee, the prisoner *shall* be required to make monthly payments. . . . The agency having custody of the prisoner *shall* forward payments from the prisoner's account to the clerk of the court *each time* the amount in the account exceeds $10 until the filing fees are paid." (emphasis added)). See also *Bruce v. Samuels*, 577 U.S. 82, 85 (2016) (holding a prisoner must pay 20 percent of his monthly income *for each case he has filed* regardless of the number of pending cases until the filing fees are paid in accordance with 28 U.S.C. § 1915(b)(2)). Thus, Mr. Feather-Gorbey's contention of indigency based on these debits is meritless. He was denied leave to proceed IFP, and his payments of the filing fees are in accordance with 28 U.S.C. § 1915(b)(2).

4

### III.

Based upon the foregoing discussion, the Court **ORDERS** the cases be consolidated with the first case being designated the lead case and all future filings made therein; the Court further **ORDERS** the Omnibus Motions with Jury Demand are **DENIED** as moot **[5:21-cv-00354, Doc. 6, 5:21-cv-00373, Doc. 6; 5:21-cv-00395, Doc. 5]**; the Motions for Reconsideration are **DENIED [5:21-cv-00354, Docs. 7, 9; 5:21-cv-00373, Doc. 7; 5:21-cv-00395, Doc. 6]**; the Motion for Recusal is **DENIED** as moot **[5:21-cv-00354, Doc. 9]**; the Objections to FBOP Inmate Trust Account Statements & Seizure of EIP Relief Funds and Motion for Immediate or Emergency Hearing are **DENIED [5:21-cv-00354, Doc. 7; 5:21-cv-00373, Doc. 7; 5:21-cv-00395, Doc. 6]**.

The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party herein.

ENTER: March 1, 2022

Frank W. Volk
United States District Judge